UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVON JOHNSON,

        Plaintiff,

v.

ROCKET MORTGAGE, LLC, TROTT
LAW, PC, HEIDE MYSZAK,
MARLAYNA SCHOEN, PLLC,
MARLAYNA SCHOEN, GOJCAJ
LEGAL GROUP, PLLC, PETER
GOJCAJ, ONE STOP CONTRACTING
LLC, LINDA BOJAJ, and ANTHONY
FORLINI,

        Defendants.

_____/

Case No. 25-12896
Hon. Jonathan J.C. Grey

**ORDER GRANTING MOTIONS TO DISMISS (ECF Nos. 9, 14),
DISMISSING PLAINTIFF'S CAUSE OF ACTION, and DENYING
AS MOOT ALL OTHER MOTIONS (ECF Nos. 11, 20)**

## I. INTRODUCTION

Pro se Plaintiff Davon Johnson filed a complaint on September 11,

2025 against Defendants Rocket Mortgage, LLC, Trott Law, PC, Heide

Myszak, Marlayna Schoen, PLLC, Marlayna Schoen, Gojcaj Legal Group,

PLLC, Peter Gojcaj, One Stop Contracting LLC, Linda Bojaj, and

Anthony Forlini. (ECF No. 1.) Johnson seeks to quiet title to, and alleges

fraudulent concealment and constitutional violations involving, a property on Tuscany Avenue in Eastpointe, Michigan (the "Property"). (*Id.*)

Anthony Forlini filed a motion to dismiss. (ECF No. 9.) Heide Myszak, Rocket Mortgage, LLC, and Trott Law, P.C. filed a motion to dismiss. (ECF No. 14.) Defendants Linda Bojaj, Peter Gojcaj, Gojcaj Legal Group, PLLC, and One Stop Contracting, LLC filed a motion to dismiss. (ECF No. 20.) Johnson filed responses to each of those motions. (ECF Nos. 16, 19, 21, respectively.) There is no indication that Defendants Marlayna Schoen or Marlayna Schoen PLLC were ever served with the summons and complaint. The motions are fully briefed, and the parties have adequately addressed all the issues raised in the foregoing filings. Therefore, the Court finds that oral argument would not aid in its disposition of the motions, dispenses with oral argument, and decides the motions on the briefs. E.D. Mich. L.R. 7.1(f).

## II.   BACKGROUND

This is one of six cases Johnson has filed in this Court related to the Property. In addition to this case, Johnson filed Nos. 23-13251, 24-12409,

25-10941, 25-12162, and 25-12712. As set forth in the Court's order dismissing case no. 24-12409, the following events transpired.

On or about February 8, 2022, Johnson borrowed $134,518.00 from Rocket Mortgage, LLC to purchase the Property (the "Loan"). As security for the Loan, Plaintiff granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage dated February 8, 2022 that was recorded February 11, 2022, in Liber 28428, Page 817 of the Wayne County Case Records (the "Mortgage"). (ECF No. 18, PageID.129 at ¶ 13.1.) The Mortgage was subsequently assigned by MERS to Rocket by an Assignment of Mortgage dated June 7, 2024, and recorded in Liber 29624, Page 374 of Wayne County Records. The Mortgage encumbered the Property, and Johnson admits he made some payments on the Loan. (ECF No. 18, Page ID 133, ¶¶ 15.1, 15.2.)

In July 2024, Rocket referred the Mortgage to Trott to commence non-judicial foreclosure by advertisement pursuant to Michigan law, MCL § 600.3201, et seq. (ECF No. 18, PageID.133 at ¶ 15.3.) On or about August 1, 2024, Trott mailed a letter to Johnson advising him that Trott had been retained by Rocket to foreclose the Mortgage (the "Fair Debt Letter"). Among other things, the Fair Debt Letter advised Johnson: (1) the amount owed on the Mortgage; and (2) that he could dispute the validity of the Mortgage by contacting Trott in writing within 30 days of the date of the Fair Debt Letter. (ECF No.18, Page ID 144.) The Fair Debt Letter was not signed by anyone. (*Id.*)

Pursuant to M.C.L. § 600.3208, the notice of mortgage foreclosure sale was published in the Macomb County Legal News for four (4) consecutive weeks commencing on August 16, 2024 and ending on September 6, 2024. The notice of mortgage foreclosure sale was posted in a conspicuous place on the Property on August 25, 2024. (*Id.*)

The sheriff's sale for the Property was originally scheduled for September 13, 2024 before it was adjourned to September 20, 2024. The sheriff's sale for the Property was held on September 20, 2024 (the "Sheriff's Sale"). Rocket successfully bid on the Property at the sheriff's sale and was granted a sheriff's deed to the Property dated September 20, 2024. Pursuant to MCL § 600.3240(8), there was a six-month statutory period to redeem the sheriff's deed. (ECF No. 18, PageID.133 at ¶ 15.4.) There is no indication in the record that Johnson redeemed the sheriff's deed by March 20, 2025.

(*See* No. 24-12409, ECF No. 56 (all citations are from filings in that case).)

The exhibits Johnson attached to his complaint and supplemental pleading in case no. 25-10941, especially Exhibits 1 and 2 to the complaint (No. 25-10941, ECF No. 1, PageID.15–19) and Exhibits 3 and 4 to the supplemental pleading (No. 25-10941, ECF No. 8, PageID.69–72), similarly reflect that the Property was sold at a sheriff's sale on September 20, 2024 and that Johnson did not redeem the Property by March 20, 2025.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the

plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–679 (quotations and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct.").

Further, although a pro se complaint is to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972), Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.*

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## IV.   ANALYSIS

### A.   Res Judicata

In the five related cases Johnson filed in the Eastern District of Michigan, the undersigned or Judge Cox previously dismissed all but one of the named defendants in this case (25-12896). In No. 24-12409, the Court dismissed Rocket Mortgage, LLC. In Nos. 24-12409 and 25-12162,

the Court dismissed Trott Law, P.C. In No. 25-12162, the Court dismissed Heide Myszak, Gojcaj Legal Group, PLLC, Peter Gojcaj, and Linda Bojaj. In Nos. 25-10941 and 25-12162, the Court dismissed One Stop Contracting, LLC. In No. 25-10941, the Court dismissed Johnson's cause of action against Marlayna Schoen, PLLC and Marlayna Schoen. In fact, the only defendant in this case who has not previously been sued—and had the claims against it, her, or him dismissed—is Defendant Anthony Forlini.

Accordingly, the Court finds that Johnson's claims and cause of action against Rocket Mortgage, LLC, Trott Law, PC, Heide Myszak, Marlayna Schoen, PLLC, Marlayna Schoen, Gojcaj Legal Group, PLLC, Peter Gojcaj, One Stop Contracting LLC, and Linda Bojaj are barred by res judicata and must be **DISMISSED**. *See, e.g., Sewell v. Clean Cut Mgt., Inc.*, 463 Mich. 569 (2001) (res judicata bars litigation in the second action of those claims actually litigated in the first action and every claim arising out of the same transaction that the parties, exercising reasonable diligence, could have litigated but did not); *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 10 (2003) (same).

### B.    Deficient Pleading

Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8 pleadings must comport with the *Twombly/Iqbal* standard set forth in Section III. As recently stated by another court:

> The issue of "[w]hether 'group pleading' of defendants violates Rule 8(a) is often dependent on the facts and claims at issue." *Igo v. Sun Life Assurance Co. of Canada*, 652 F. Supp.3d 929, 935 (S.D. Ohio 2023) (citing cases). **A complaint violates the pleading requirements of Rule 8 when it fails to specify the harms allegedly caused by each individual defendant.** *See Niederst v. Minuteman Capital, LLC*, 2024 WL 3522413, at *5 (N.D. Ohio July 24, 2024). **Courts have found complaints that contain "conclusory allegations of collective, unspecified, and undifferentiated wrongdoing" and that "vaguely lump[ ] all defendants together without providing any factual allegations that specify separate acts" to fall short of Rule 8 pleading requirements.** *Kurek v. Ohio Dep't of Dev. Disabilities*, 2017 WL 1555930, at *6 (N.D. Ohio Jan. 20, 2017); *see also Niederst*, 2024 WL 3522413, at *5.

*Faloba v. Ultium Cells LLC*, No. 4:24-CV-01569, 2025 WL 1042699, at *8 (N.D. Ohio Apr. 8, 2025) (emphasis added).

Johnson does not name any defendant in the complaint (or supplemental pleading), except in the caption and in his list of parties in

each document. Johnson does not specify or identify what each (or any) named defendant did (or did not do) that would violate Johnson's rights or support any of his claims. He merely states, over and over, that "defendants" did something. That mistake is fatal to his claims against them, as "the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). *See also Iqbal*, 556 U.S. at 676. Dismissal of Johnson's claims is further warranted because "the complaint . . . presents a 'dense thicket' of 'incomprehensible' assertions." *Hossein v. City of Dearborn Heights*, No. 12-14969, 2013 WL 4799162, at *4 (E.D. Mich. Sept. 9, 2013). Finally,

Johnson's claims against the defendants fall short of the particularity requirement. For the foregoing reasons, Johnson's claims must be dismissed for failure to state a claim upon which relief may be granted, and all defendants are **DISMISSED** from this cause of action.

## V.   CONCLUSION

Accordingly, and for the reasons stated above, **IT IS ORDERED** that the motions to dismiss filed by Anthony Forlini (ECF No. 9); Heide Myszak, Rocket Mortgage, LLC, and Trott Law, PC (ECF No. 14); and

Defendants Linda Bojaj, Peter Gojcaj, Gojcaj Legal Group, PLLC, and One Stop Contracting, LLC (ECF No. 20) are **GRANTED**.

**IT IS FURTHER ORDERED** that Johnson's cause of action is **DISMISSED** as to all defendants, i.e., Defendants Rocket Mortgage, LLC, Trott Law, PC, Heide Myszak, Marlayna Schoen, PLLC, Marlayna Schoen, Gojcaj Legal Group, PLLC, Peter Gojcaj, One Stop Contracting LLC, Linda Bojaj, and Anthony Forlini.

**IT IS FURTHER ORDERED** that Johnson's cause of action is **DISMISSED**.

**IT IS FURTHER ORDERED** that all other pending motions (ECF No. 11, 20) are **DENIED AS MOOT**.

**SO ORDERED**.

<u>**s/ Jonathan J.C. Grey**</u>
JONATHAN J.C. GREY
Dated:  March 26, 2026          UNITED STATES DISTRICT JUDGE

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2026.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager

11